# UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
### ANDERSON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | **CRIMINAL COMPLAINT** |
| vs. | |
| JAIME YANEZ | Criminal Number 8:08-653 |

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief.

On or about June 30, 2008, in Anderson County, in the District of South Carolina, the defendant did conspire to possess with intent to distribute cocaine and methamphetamine, both Schedule II controlled substances, in violation of Title 21, United States Code, Section 846.

I further state that I am a Special Agent, Drug Enforcement Administration, and that this complaint is based on the following facts:

*See attached affidavit.*

Continued on the attached sheet and made a part hereof:   ■ Yes   ☐ No

_____
Farid "Jay" Rajaee

Sworn to and subscribed in my presence on July 3, 2008, at Greenville, South Carolina.

William M. Catoe
United States Magistrate Judge

_____
Signature of Judicial Officer

## AFFIDAVIT

This affidavit is submitted in support of a criminal complaint charging Jaime PADRON-YANEZ with Conspiracy to Possess with Intent to Distribute Methamphetamine, in violation of Title 21 USC 846.

## AFFIANT BACKGROUND AND EXPERIENCE

I, Farid "Jay" Rajaee, being sworn, depose and state:

1. I am an investigative or law enforcement officer of the United States within the meaning of Section 878 of Title 21 of the United States Code, in that I am empowered by law to conduct investigations of, and to make arrests for offenses enumerated in Title 21, United States Code, Section 878. I am a Special Agent with the Drug Enforcement Administration (DEA), assigned to the Greenville, SC Resident Office (GRO).

2. As a Special Agent, I am an "Investigative or law enforcement officer" of the United States within the meaning of Title 18, United States Code, Section 2510 (7), that is, an officer of the United States who is empowered by law to conduct investigations and to make arrests for offenses enumerated in Title 18, United States Code, Section 2516 (1) (e).

3. I have been a Special Agent employed by the DEA since June of 2000, and am currently assigned to the DEA's Greenville Resident Office (GRO). Prior to that, I was employed for six (6) years as a police officer with the City of Albuquerque, NM. During that time, I was a detective assigned to the Narcotics Section for approximately four (4) years. As a narcotics detective and DEA Special Agent, I have conducted narcotics investigations utilizing informants, search and arrest warrants, and undercover techniques. I have made over three-hundred (300) undercover purchases or sales. I have written over 200 search and arrest warrants. I have written and submitted to the Court numerous affidavits in support of orders permitting the installation an use of pen register devices, Title-III wire intercepts, and electronic tracking devices. I have received training, both formal and informal, in the investigation of violations of controlled substance offenses, including several schools regarding narcotics investigations, telecommunication and internet exploitation, and the DEA Basic Agent Training Academy, located at Quantico, Virginia. I have participated in the investigation, arrest and prosecution of numerous drug traffickers.

## BASIS FOR PROBABLE CAUSE

4. On 06-30-2008, agents of the DEA's Greenville, SC Resident Office (GRO) received information through a highly reliable confidential source (CS) that Jaime YANEZ (also known as Jaime PADRON-YANEZ, and hereinafter referred to as YANEZ) was preparing to pick up a quantity of drug proceeds from 108 or 104 Vicki Court in Anderson, SC, and transport the drugs to an unknown supplier in the state of Georgia. The CS also confirmed that YANEZ would likely be utilizing a small truck by which to transport the drugs, and was transporting the drugs on behalf of Hector REYES; a methamphetamine trafficker based in Anderson, SC.

5. Shortly after receiving the information regarding YANEZ, Anderson County Sheriff's Office (ACSO) Detective Toby Jordan drove through Vicki Court and observed a gold-colored 2001 Chevrolet truck parked in the rear of 104 Vicki Court, a residence known to be occupied by Jose PADRON; REYES' brother-in-law and drug associate. Det. Jordan subsequently established a surveillance position which allowed him to see the intersection of Keys Street and Vicki Court.

6. At approximately 2:27pm, Det. Jordan observed a white Dually truck pull down Vicki Court from Keys Street. At approximately 2:35pm, Det. Jordan reported that the gold truck he had seen parked behind 104 Vicki Court was pulling out onto Keys Street, and heading toward True Temper Road. Myself and other investigators then began to follow YANEZ, noting the license South Carolina license plate number as 789-XMU. A check through the South Carolina Department of Motor Vehicles showed the vehicle was registered in the name of Celia REYES, of 108 Vicki Court, Anderson, SC.

7. Agents continued to follow the vehicle (losing sight of it briefly and then locating it again at the intersection of Little Mountain Road and Travis Road in Anderson, SC) as it eventually traveled to I-85 southbound into Georgia. S/A Wayne Wright subsequently contacted the Georgia State Patrol (GSP) and spoke with Sergeant Blake Swicord, explaining to Sgt. Swicord that agents believed YANEZ was transporting drug proceeds. Sgt. Swicord eventually located the truck on I-85, noting that the vehicle changed lanes without signaling. Sgt. Swicord subsequently stopped the vehicle near mile marker 158.

8. Sgt. Swicord then contacted the driver and sole occupant of the vehicle, Jaime YANEZ. Sgt. Swicord asked YANEZ for his driver's license, and YANEZ explained that he did not have one,

but attempted to provide a Mexican driver's license. Sgt. Swicord subsequently placed YANEZ under arrest for driving without a state license.

9. Sgt. Swicord began a search of the vehicle, and located an after market hidden compartment located behind the seats. Upon opening the compartment, Sgt. Swicord located $61,000 in U.S. currency in several bundles, all of which were wrapped in aluminum foil.

10. YANEZ told Sgt. Swicord that the money was his, and that he had won part of it gambling at the horse races, and worked for the rest of it. YANEZ said that he had borrowed the car from a friend (whose name he could not remember), and that he had just happened to find the hidden compartment. YANEZ said that after finding the compartment he chose to secrete his money inside of it during transport. Sgt. Swicord eventually booked YANEZ into the Franklin County Jail, charging him with driving without a license.

11. On the morning of 07-02-2008, myself and other agents executed a federal search warrant at 4001 Keys Street, a residence which surveillance had established as being frequented by REYES, and where REYES was actually constructing a barn where he would house horses which he owned. Upon executing the search warrant, agents located approximately five pounds of crystal methamphetamine inside of a mobile home located on the property.

## ASSERTION OF PROBABLE CAUSE

Based on the aforementioned facts, I believe there is probable cause to believe that Jaime YANEZ and Hector REYES did conspire to possess with intent to distribute cocaine and methamphetamine, in violation of Title 21 USC 846.

I swear and affirm that the information contained within this affidavit is true and correct to the best of my knowledge and belief.

_____
FARID "JAY" RAJAEE, SPECIAL AGENT
DRUG ENFORCEMENT ADMINISTRATION

Subscribed to and sworn before
me this 3rd day of July, 2008.

_____
WILLIAM M. CATOE
UNITED STATES MAGISTRATE JUDGE

3